IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LEE BURRINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>BANK OF AMERICA, N.A.; and U.S.<br>BANK, N.A.,<br><br>Defendants. | CV 15–168–M–DWM–JCL<br><br><br><br>ORDER |

This matter is before the Court on Defendants' motions to dismiss. (Docs. 14, 20.) Magistrate Judge Jeremiah Lynch entered a Findings and Recommendation on May 4, 2016, recommending granting the motions. (Doc. 41.) Plaintiff filed objections to the Findings and Recommendation, (Doc. 42), and Defendants filed responses to Plaintiff's objections, (Docs. 43, 44). The case was reassigned to the undersigned on August 5, 2016. (Doc. 45.)

On dispositive motions, the parties are entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where there are no objections, the court is to give the

level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and this Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., Inc.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Burrington objects to the dismissal of his claims without leave to amend. Burrington did not request leave to amend in his responses to the motions to dismiss, and he does not offer an argument as to any proposed amendments. Because he cannot plead any new facts or theories to save his claims, amendment would be futile, and his objection is overruled. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Burrington objects to the finding that he "did not identify any facts supporting the allegation that Bank of America engaged in actual concealment." (*See* Doc. 41 at 8.) In order for the discovery rule to apply and toll the two-year statute of limitations of the Montana Consumer Protection Act, Burrington must show that the facts of his claim that Bank of America advised him to apply for a HAMP modification despite its futility were concealed, self-concealing, or actively concealed by Bank of America. According to Burrington, the investor restrictions that prevented approval of his HAMP modification were self-concealing and Bank of America actively concealed their existence. Yet, even if

Burrington didn't know the reason *why* his modification was rejected, he was aware as early as November 2010 that he did not qualify for loan modification. (Doc. 1 at ¶ 36.) The fact that it was futile to apply for a HAMP modification should therefore have been discovered by Burrington at that time. Although he continued to apply for the modification at the advice of Bank of America, Burrington was aware of his claim against Bank of America as early as 2011 as demonstrated by his bankruptcy personal property schedule. (Doc. 23-1 at 4.) His objection is therefore overruled.

Burrington objects to the finding that no fiduciary duty exists between him and Bank of America. (*See* Doc. 41 at 14.) Unless "a bank goes beyond the ordinary role of a lender of money and actively advises customers in the conduct of their affairs," a bank does not owe its customer a fiduciary duty. *Morrow v. Bank of Am., N.A.*, 324 F.3d 1167, 1177 (Mont. 2014). Here, Burrington has not alleged sufficient facts to plausibly establish a duty of care on the part of Bank of America where he does not allege that Bank of America advised him to default on his loan, pay a reduced amount each month, or ignore notices of default. Contrary to Burrington's argument, those were the critical actions taken by the lender in *Morrow* that created a fiduciary duty. *Id.* at 1178. His objection is overruled.

Burrington objects to the finding that his claim for negligent misrepresentation was not "expressly pled." (*See* Doc. 41 at 18.) Yet, the

allegations in the Complaint are insufficient to place Defendants on fair notice of a negligent misrepresentation claim. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although paragraph 110 under Count II - Negligence quotes language from *Morrow* addressing a negligent misrepresentation claim, it does not cure the insufficiency. (Doc. 1 at ¶ 110.) The objection is overruled.

Burrington objects to the finding that there is no fiduciary duty between him and Ocwen Loan Servicing and U.S. Bank. (*See* Doc. 41 at 19.) Again, Burrington has not alleged sufficient facts to plausibly establish a duty of care on the part of Ocwen where there are no allegations that it actively advised him to his detriment. *See Morrow*, 324 F.3d at 1178 (fiduciary duty exists where lender advises customer not to repay a loan, to pay less than the amount required by the loan documents, or to ignore notices of impending foreclosure and avoid curing a default); *Ansanelli v. JP Morgan Chase Bank, N.A.*, 2011 WL 1134451, at *1 (N.D. Cal. Mar. 28, 2011) (allegations that lender agreed to place plaintiffs on a trial modification plan, guaranteeing that if plaintiffs made payments on time in the modified amount for three months it would provide a permanent modification of their loan, while simultaneously reporting loan as past due constituted sufficient active participation to create a duty of care). The objection is overruled.

Burrington objects to the recommendation that his Montana Consumer Protection Act claim against Ocwen and U.S. Bank be dismissed. (*See* Doc. 41 at

21.)  Due to the statute of limitations, only the actions of Ocwen after December 17, 2013, are at issue.  Burrington's allegations are insufficient to plausibly establish that the conduct of Ocwen was an unfair practice where Ocwen did not advise him to miss or make lower payments and it approved a loan modification within six months.  *See Morrow*, 324 P.3d at 1184–85 (unfair practice where lender instructed plaintiffs to default, make partial payments, and ignore default notices and did not accurately inform them of their servicing status for 14 months); *Jacobson v. Bayview Loan Servicing, LLC*, 371 P.3d 397, 410 (Mont. 2016) (violation of the Act where lender told plaintiffs not to make payments, while at the same time commencing foreclosure).  The objection is overruled.

The Court finds no clear error in the remainder of Judge Lynch's analysis and findings.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 41) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants Ocwen Loan Servicing, LLC and U.S. Bank, N.A.'s Motion to Dismiss (Doc. 14) is GRANTED.  Burrington's claims for negligence, violations of the Montana Consumer Protection Act, and punitive damages are DISMISSED WITH PREJUDICE.  Burrington's claim for a declaratory judgment remains against Defendants Ocwen Loan Servicing, LLC and U.S. Bank, N.A., however, as their motion did not address that particular

claim.

IT IS FURTHER ORDERED that Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 20) is GRANTED. All of Burrington's claims advanced against it are DISMISSED WITH PREJUDICE.

DATED this 16th day of August, 2016.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court