IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LEE BURRINGTON<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, BANK OF AMERICA, N.A., and U.S. BANK, N.A.,<br><br>Defendants. | CV 15-168-M-DWM-JCL<br><br>AMENDED FINDINGS AND RECOMMENDATION |

Before the Court is Defendants Ocwen Loan Servicing, LLC and U.S. Bank, N.A.'s Fed. R. Civ. P. 12(c) and 12(b)(1) motions for judgment on the pleadings and to dismiss for lack of jurisdiction. For the reasons discussed, the Court recommends the motion for judgment on the pleadings be granted.

**I.**   **Background**

In 2005 Plaintiff Lee Burrington obtained a loan evidenced by a promissory note and secured by a deed of trust pledging residential real property as security. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is the present loan servicer, and Defendant U.S. Bank, N.A. is the current owner of Burrington's loan.[1]

---

[1] By Order entered August 16, 2016, the Court dismissed all of Burrington's claims as against Defendant Bank of America, N.A.

1

In 2009 Burrington experienced financial difficulties and sought to obtain a modification of his loan obligation, or to apply for a loan assistance program – he was ultimately unsuccessful in securing either.  By way of this action, Burrington asserts Defendants are legally liable for their conduct in allegedly hampering Burrington's efforts to obtain a modification or assistance.  Specifically, he alleges Defendants are liable for unfair and deceptive practices in violation of the Montana Consumer Protection Act, and negligence.  But by Order entered August 16, 2016, the Court dismissed all of those claims, including his claim for punitive damages against Ocwen and U.S. Bank

The sole claim remaining for disposition is Burrington's claim for a declaratory judgment, whereby he asserts that neither Ocwen nor U.S. Bank possess either the right to foreclose upon his real property or to service his loan.  Burrington bases this claim on an alleged defective prior assignment or transfer of those rights.

In 2009 the entity which then held the beneficial interest in Burrington's promissory note and deed of trust assigned or transferred the interest to a trust, identified as the 2005-E Trust.  Burrington contends that purported assignment or transfer was invalid as a matter of law.  The 2005-E Trust was created in 2005 in accordance with a pooling and service agreement and the laws of the State of New

York. Burrington asserts that pertinent New York Law requires that "property must be held in the trust at the time of its creation to be valid." (Doc. 1 at ¶ 129.) Since the assignment or transfer of the beneficial interest to the 2005-E Trust was not made until 2009, Burrington alleges it is legally invalid.

Additionally, Burrington alleges that applicable Internal Revenue Service (IRS) code required that the subject property had to be placed into the 2005-E Trust within 3 months of the start-up of the trust, or, at most, within 2 years of the start-up if certain other circumstances existed. Again, Burrington alleges the beneficial interest was not transferred to the 2005-E Trust within the time frame required under applicable IRS code and, therefore, the transfer is invalid as a matter of law.

As a result of the alleged legal defects in the assignment or transfer to the 2005-E Trust, Burrington takes the position there exists an actual case or controversy as to Ocwen and U.S. Bank's respective interests, under the deed of trust, in Burrington's real property.[2] He contends neither Ocwen nor U.S. Bank holds a beneficial interest in his real property, and thus have no right to foreclose

---

[2]Burrington alleges that the interests in the deed of trust held in the 2005-E Trust were transferred to U.S. Bank possibly in 2012. He also alleges he was later informed that U.S. Bank was the "owner" of his loan. Therefore, the Court construes Burrington's allegations to assert that U.S. Bank is the present beneficiary under his deed of trust.

3

or service the loan.[3] From this premise he argues the Court should enter judgment declaring that neither Ocwen nor U.S. Bank holds a beneficial interest in his real property.

## II. Applicable Law

### A. Rule 12(c) – Motion for Judgment on the Pleadings

The procedural vehicle for a party's motion for judgment on the pleadings is provided at Fed. R. Civ. P. 12(c). When determining whether to grant a party's motion for judgment on the pleadings the courts "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment is properly granted "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id*.

### B. Application of Montana Law

In this diversity action, the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Mgmt. Consultants v. American*

---

[3] Although Burrington's allegations assert Ocwen is the entity responsible for servicing his loan, his allegations in his claim for declaratory relief refer to "Defendants" and their asserted beneficial interest in the deed of trust. And Ocwen and U.S. Bank's motion is filed on behalf of both Defendants. Therefore, for purposes of addressing the instant motion, the Court will construe Burrington's allegations to assert that Ocwen is both the loan servicer and a beneficiary under the deed of trust.

*Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

## III. Discussion

Ocwen and U.S. Bank move for judgment on the pleadings, in part, on the ground that Burrington lacks standing to challenge the legal validity of the 2009 assignment or transfer of the beneficial interest to the 2005-E Trust. For the reasons discussed, the Court agrees.

A person or entity which is neither a party to a contract, nor a third-party beneficiary of the contract, has no standing to challenge the validity of the contract. *Dick Anderson Construction, Inc. v. Monroe Construction Company, LLC*, 221 P.3d 675, 685-86 (Mont. 2009) (citing *Palmer v. Bahm*, 128 P.3d 1031, 1033-34 (Mont. 2006)). Specifically, in a trust indenture foreclosure situation a borrower does not have standing to challenge assignments of a lender's beneficial interests, or transfers of those interests pursuant to an agreement to which the borrower is not a party. *Paatalo v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 2505742, *7 (D. Mont. 2012). *See also In re King*, 565 B.R. 429, 434, 2017 WL 187537, *4 (United States Bankruptcy Court, D. Mont. 2017) (same holding).

Consistent with the foregoing precedent, Burrington's claim for declaratory relief fails as a matter of law. To the extent Burrington alleges the assignment or transfer of the beneficial interest in the subject deed of trust to the 2005-E Trust in

2009 is invalid because it was not conducted in accordance with applicable New York Law, the IRS code and the applicable pooling and servicing agreement, Burrington lacks standing to challenge the validity of that assignment or contractual transfer.

Burrington does not argue he is a party to the assignment or contractual transfer, nor does he assert he is a third-party beneficiary of the assignment or transfer. Rather he retorts that he does in fact possess standing to challenge Defendants' assertion of the beneficial interest on which they may foreclose. In doing so he relies upon *Pilgeram v. Greenpoint*, 313 P.3d 839 (Mont. 2013) and *Ruby Valley National Bank v. Wells Fargo Delaware Trust Company, N.A.*, 317 P.3d 174 (Mont. 2014). But these cases do not support Burrington's standing in the face of the decisional law expressed in *Dick Anderson Construction, Inc.*, supra.

In *Pilgeram*, the Montana Supreme Court held, as argued by the borrower, that the particular entity claiming to hold a beneficial interest in the subject property did not qualify as a "beneficiary" under the Small Tract Financing Act of Montana, Mont. Code Ann. § 71-1-301 et seq. ("Financing Act"). The Court concluded that the entity was not the "person for whose benefit a trust indenture is given" as required under Mont. Code Ann. § 71-1-301(1), i.e. the entity to which

the borrower's secured obligation flowed as is required to be a beneficiary. *Pilgeram*, 313 P.3d at 842-843. Specifically, the court found that because the entity was actually a trustee under the deed of trust, it was prohibited by Mont. Code Ann. § 71-1-301(1) from qualifying as a beneficiary. *Id*. at 843.

The analysis in *Pilgeram* does not support Burrington's assertion that he has standing to challenge the validity of the assignment or transfer of the beneficial interest to the 2005-E Trust. The *Pilgeram* court merely concluded the entity did not meet the statutory definition and requirements of a "beneficiary" under Montana's Financing Act.

In *Ruby Valley National Bank*, the beneficiary under a deed of trust – Ruby Valley National Bank – filed a judicial foreclosure action against various defendants, including the beneficiary of a separate deed of trust encumbering the same real property that was granted prior to the date of the deed of trust naming Ruby Valley National Bank as a beneficiary. The court rejected the bank's challenge to the prior beneficiary's claim of a senior interest. *Ruby Valley National Bank*, 317 P.3d at 181.

The court's conclusion in *Ruby Valley National Bank* as to the priority of the competing beneficial interests provides no support for Burrington's assertion of standing to challenge the validity of the transfer, assignment or the agreement

by which the beneficial interest in his deed of trust was placed in the 2005-E Trust. Burrington refers to dicta contained in a footnote in *Ruby Valley National Bank* where the court discussed the prior beneficiary's acquisition of the beneficial interest. *Ruby Valley*, 317 P.3d at 176 n.1. In the footnote the court noted that although the plaintiff did not advance a challenge to the prior beneficiary's status and qualifications as a "beneficiary" under Montana's Financing Act, the decision in *Pilgeram* left open the issue of whether an entity may nonetheless serve as the agent of the actual beneficiary and thereby transfer the beneficial interest on behalf of the beneficiary. *Id*. Thus, the court noted in dicta, that the specific agency issue under Montana law left open in *Pilgeram* "may well be raised and challenged" in a future possible foreclosure pursued by the prior beneficiary. This dicta, however, did not conclusively establish that a third party may challenge the legal validity of a particular contractual assignment or transfer of a beneficial interest when the third party is not a party to the assignment or transfer agreement. Thus, the dicta in *Ruby Valley National Bank* does not support Burrington's specific challenge regarding the validity of the transfer of the beneficial interest to the 2005-E Trust in this case.

    For the reasons discussed, the Court finds Burrington lacks standing to challenge the validity of the 2009 assignment or transfer of the beneficial interest

into the 2005-E Trust.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Ocwen and U.S. Bank's Rule 12(c) motion for judgment on the pleadings be GRANTED, and this action be DISMISSED.

DATED this 26th day of April, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge