

FILED
MAY 05 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LEE BURRINGTON, | CV 15–168–M–DWM–JCL |
| Plaintiff, | |
| vs. | ORDER |
| OCWEN LOAN SERVICING, LLC, BANK OF AMERICA, N.A., and U.S. BANK, N.A., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. (Doc. 48.) United States Magistrate Judge Jeremiah Lynch entered an amended Findings and Recommendation on April 26, 2017, recommending granting the motion. (Doc. 56.) Plaintiff filed objections, (Doc. 58), and Defendants filed a response, (Doc. 60). For the reasons given below, the Court adopts the Findings and Recommendation in full.

The parties are entitled to de novo review of the specific findings or

-1-

recommendations to which they object. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where there are no objections this Court reviews for clear error. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Clear error exists if a court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., Inc.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Burrington objects to the dismissal of his sole remaining claim, which requests a declaratory judgment that neither Ocwen nor U.S. Bank possess the right to foreclose upon his real property or to service his loan. (Doc. 58.) Specifically, Burrington argues Judge Lynch erroneously relied on *In re King*, 565 B.R. 429 (Bankr. D. Mont. 2017), *Paatalo v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 2505742 (D. Mont. June 28, 2012), and *Dick Anderson Construction Inc. v. Monroe Construction Co., LLC*, 221 P.3d 675 (Mont. 2009). (*Id.* at 7.)

Because this is a diversity action, this Court applies the substantive law of Montana, the forum state. *Medical Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). As Judge Lynch correctly noted, in Montana a person or entity which is neither party to a contract nor a third-party beneficiary of the contract, lacks standing to challenge the validity of the contract.

*Dick Anderson Constr. Inc.*, 221 P.3d 675 at 685-86. Burrington is such a person here.

Judge Lynch's also properly relied on *In re King* and *Paatalo*. Taken together, these cases stand for the proposition that, where a borrower is not a party to an assignment of a lender's beneficial interests, or transfers of those interests, the borrower lacks standing to challenge such assignments. *Paatalo*, 2012 WL 2505742 at *7; *King*, 565 B.R. at 434. Finally, Judge Lynch correctly concluded that Burrington's reliance on *Pilgeram v. Greenpoint*, 313 P.3d 389 (Mont. 2013) and *Ruby Valley National Bank v. Wells Fargo Delaware Trust Co., N.A.*, 317 P.3d 174 (Mont. 2014) was misplaced. The issue in *Pilegram* was not whether a third-party had standing to challenge a subsequent assignment of a beneficial interest, but whether MERS, a private electronic database, qualified as a beneficiary under Montana's Small Tract Financing Act. 313 P.3d at 841-43. As such, it provides no holding to counter the standing rule articulated in *Dick Anderson Construction*. *Ruby Valley* in turn concerned the priority of competing beneficial interests in real property, and noted in a footnote the possibility that a property owner might challenge the validity of an interest flowing through a MERS transaction. 317 P.3d at 176 n.1. Thus, contrary to Burrington's assertion that the Montana Supreme Court has addressed the question of whether a borrower

has standing to reach the merits of whether a loan was properly assigned, neither case does so. (Doc. 58 at 7.)

Finally, Burrington points to a footnote in *Bank of America v. Alexander* which notes that the borrower in that case had not "raise[d] the issue of a defect in the Loan's assignment." 389 P.3d 1020, 1024 n.1 (Mont. 2017). This footnote simply describes the history of the case, and does not establish, as the footnote in *Ruby Valley* did not, that a borrower possesses standing to mount the challenge Burrington attempted here.

The Court finds no clear error in the remainder of the Findings and Recommendation.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 56) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings (Doc. 48) is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE. The trial set for May 30, 2017 is VACATED. All other dates are VACATED and all pending motions are MOOT.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment consistent with this Order.

DATED this 5th day of May, 2017.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court